958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Franklin Leonard DAVIDSON, Defendant-Appellee.
 No. 90-10408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided March 17, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals from the district court's sentence of 90 months under the Sentencing Guidelines imposed on Franklin Davidson. We dismiss the government's appeal.
 
 
 3
 The government contends on appeal that the district court departed downward from the recommended guidelines sentence[1] because it sought to correct a disparity, caused by prosecutorial charging decisions, between Davidson's sentence and that given his codefendant, Andrew Ralph.[2]
 
 
 4
 For the reasons set forth in United States v. Good, No. 90-10440 (9th Cir.1991), filed at the same time as this disposition, we hold that the government did not preserve this issue for appeal.[3]
 
 
 5
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Davidson pled guilty to one unarmed bank robbery (18 U.S.C. § 2113(a)), two armed bank robberies (18 U.S.C. § 2113(d)), and one count of using a firearm during a crime of violence (18 U.S.C. 924(c)). Davidson's guideline range, including the mandatory five year consecutive sentence for the 924(c) charge, was 130 to 147 months
 
 
 [2]
 Ralph was not charged with a 924(c) violation, though he admittedly displayed a hand grenade in two robberies. He was thus not subject to the mandatory five year consecutive sentence imposed on Davidson
 
 
 [3]
 Even if it did, our review of the record indicates that the district court did not base its downward departure on this ground